IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EXPRESS MOBILE, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 18-154-RGA |
| FULCRUM WORLDWIDE, INC., | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Plaintiff has filed sixteen patent infringement suits in this District. Plaintiff also filed some number of patent infringement suits in other Districts. On May 5, 2017, Plaintiff was sued in the Northern District of California, by Magento. (D.I. 10, Exh. A). Magento asserts that the two patents that form the basis for the litigation here and elsewhere are invalid, and that Magento does not infringe them. It appears that in the instant lawsuit, Plaintiff alleges infringement based on Defendant's use of Magento's product and, independently, based on the use of a second product not made by Magento. Defendant has filed a motion for a stay (D.I. 9) to allow Magento's declaratory judgment action, which was filed well before any of the sixteen lawsuits in this District, to proceed.

Plaintiff is a non-practicing entity. It does not compete with Defendant.

The present litigation was filed about four months ago, and has not proceeded beyond the initial pleading stage.

The standard for granting a stay is:

(1) whether granting the stay will simplify the issues for trial;

(2) whether discovery is complete and a trial date is set; and

(3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage. *See, e.g., Round Rock Research LLC v. Dole Food Co.,* 2012 WL 1185022, *1 (D.Del. Apr. 6, 2012).

The pending California action certainly has the potential to simplify the issues for trial. It is likely to make trial unnecessary, either because Magento takes a license that protects Defendant for the use of Magento's products, or because it succeeds in having the patents declared invalid. I am advised that a Markman hearing is scheduled in the California case (D.I. 10, p.2), and the parties would all benefit from any claim constructions that are reached. I do understand that the second non-Magento product will not be resolved in the California proceeding. Nevertheless, overall, simplification is likely. I also believe litigation between the product's manufacturer and Plaintiff is a more productive exercise than between the product's customer and Plaintiff, as the manufacturer generally has a better insight into its own product and more incentive to defend it.

Discovery has not started and there is no trial date.

Plaintiff is not a competitor of Defendant, and seeks only monetary damages. It does not appear that it will suffer any undue prejudice if the motion is granted.

In terms of whether Plaintiff will suffer a clear tactical disadvantage, there are two issues to consider. In terms of the litigation, there is little tactical disadvantage to Plaintiff since it is in its earliest stages. In another sense, however, the parties are constantly seeking tactical advantages, and the motion for a stay would not have been filed but for Defendant's belief that the granting of a stay would benefit it (for example, by reducing its costs, both for the immediate future and for the long run if Magento obtains a favorable result).

There has been no dilatoriness on the part of Defendant.

Considering all the circumstances, this seems a strong case for granting a stay. The prejudice to Plaintiff, including any tactical disadvantage, is not great, and the other factors all clearly weigh in favor of granting the stay.

Thus, upon consideration of Defendant's' motion to stay (D.I. 9), IT IS HEREBY ORDERED this ___ day of May 2018 that:

1. The motion to stay pending resolution of manufacturer's declaratory judgment action is **GRANTED**;

2. The parties shall submit a status report no later than November 22, 2018, and every six months thereafter; and

3. The parties should promptly advise the Court if and when the stay should be lifted.

May 23, 2018
Date

Richard G. Andrews
United States District Judge